William Lake, Defendant in Error, v. William C. Koutsogianis, Plaintiff in Error.

Gen. No. 17,341.

1.  BROKERS—*when judgment not against weight of evidence.* Where plaintiff testifies that he was to buy property as cheap as he could and defendant testifies that it was to be bought for a certain price, and there are no corroboratory facts and circumstances, a judgment for compensation will not be disturbed as against the manifest weight of the evidence.

2.  BROKERS—*that broker had no license cannot be first urged on appeal.* In an action on a special contract to recover compensation for buying property for another, it cannot be first urged on appeal that plaintiff did not have a real estate broker's license.

3.  BROKERS—*when license not required.* In the absence of proof that a plaintiff is engaged in the business of buying and selling

real estate for others on commission, he is not prevented from recovering compensation on a special contract merely by the fact that he has no license as a real estate broker.

Error to the Municipal Court of Chicago; the Hon. Freeman K. Blake, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912.

Ralph F. Stern, for plaintiff in error.

D. W. Parker, for defendant in error.

Mr. Justice Fitch delivered the opinion of the court.

Plaintiff sued defendant upon a verbal contract to pay $100 for services to be rendered in connection with the purchase by defendant of certain real estate in Chicago. Defendant did not dispute the fact that services were rendered by the plaintiff, but claimed his compensation was contingent upon conditions that were not fulfilled. Upon a hearing before the court without a jury, plaintiff testified in his own behalf, and defendant and his brother testified for the defendant. These were the only witnesses. The court found for the plaintiff and entered judgment for $100.

Two points only are raised by plaintiff in error: first, that the finding and judgment are against the weight of the evidence, and second, that the plaintiff did not prove that he had a license as a real estate broker at the time of the contract in question.

As to the first of these contentions, the evidence was conflicting as to the precise terms of the contract. The plaintiff testified that defendant asked him to get the property as cheap as he could, and promised to pay him $100 for his services. Defendant's evidence was to the effect that he agreed to give the plaintiff $100 if plaintiff could buy the property for a specified sum of money, and that plaintiff did not succeed in his efforts to accomplish that result. Defendant and his brother bought the property for a larger sum than

the amount so specified. There were no corroborating facts or circumstances. In this state of the record, it is apparent that the trial judge was in a much better position than we are to determine which of the witnesses was the more credible. We have carefully examined the bill of exceptions and the arguments of counsel upon this point, and we are unable to say, from anything that appears therein, that the finding of the trial court was manifestly against the weight of the evidence.

As to the second contention, it does not appear from the record that the point was raised in the court below, or that any ordinance pertaining to that subject was offered in evidence. Furthermore, it has been held that in the absence of proof that a plaintiff is engaged in the business of buying and selling real estate for others on commission, he is not prevented from recovering on a special contract merely by the fact that he has no license as a real estate broker. O'Neill v. Sinclair, 153 Ill. 525.

The judgment will be affirmed.

*Affirmed.*